IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| BRUCE MERRILL RIFFLE, | CASE NO. 3:25-CV-00757-JJH |
| Plaintiff, | JUDGE CARMEN E. HENDERSON |
| v. | UNITED STATES MAGISTRATE JUDGE |
| COMMISSIONER OF SOCIAL SECURITY, | MEMORANDUM OPINION AND ORDER |
| Defendant, | |

## I. Introduction

Plaintiff, Bruce Riffle ("Riffle" or "Claimant"), seeks judicial review of the final decision of the Commissioner of Social Security denying his application for Disability Insurance Benefits ("DIB"). This matter is before me pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3), and Local Rule 72.2(b). For the reasons set forth below, the Court AFFIRMS the Commissioner of Social Security's final decision denying Riffle benefits.

## II. Procedural History

On January 12, 2023, Riffle filed an application for DIB[1], alleging a disability onset date of July 1, 2016, and claiming he was disabled due to Type 2 diabetes, Neuropathy, Arthritis, Barrett's syndrome, PTSD, Bipolar, Epidermolysis bullosa. (ECF No. 6, PageID #: 845–46). The

---

[1] As Commissioner, the ALJ, and Claimant note, Claimant filed an application for supplemental social security income (SSI) under Title XVI. This application was approved and is not part of record of Claimant's present Title II claim for DIB. (ECF No. 6, PageID #: 37).

application was denied initially and upon reconsideration, and Riffle requested a hearing before an administrative law judge ("ALJ"). (ECF No. 6, PageID #: 879–80). On March 7, 2023, an ALJ held a hearing, during which Claimant, represented by counsel, and an impartial vocational expert testified. (ECF No. 6, PageID #: 814–35). On April 18, 2024, the ALJ issued a written decision finding Riffle was not disabled. (ECF No. 6, PageID #: 34–46). The ALJ's decision became final on February 25, 2025, when the Appeals Council declined further review. (ECF No. 6, PageID #: 24–28).

On April 15, 2025, Riffle filed his Complaint to challenge the Commissioner's final decision. (ECF No. 1.) The parties have completed briefing in this case. (ECF Nos. 9, 11, 12). Riffle asserts the following assignments of error:

> The ALJ's RFC is not supported by substantial evidence as she failed to take into account the total limiting effects of Plaintiff's severe impairment of diabetes, in particular his diabetic neuropathy and pustule-filled blisters on his feet, impacting his ability to stand and walk, and thus unreasonably concluding that he can perform the arduous physical requirements of medium work (i.e., standing and walking most of the day while lifting 50 pounds occasionally and 25 pounds frequently).

(ECF No. 9 at 1).

## III. Background[2]

### A. Relevant Hearing Testimony

The ALJ summarized the relevant testimony from Riffle's hearing:

> [Riffle] testified to the following at the hearing ... He had hand pain and difficulty using his hands and opening cases of product during the period at issue. His hands will get stiff and feel like "claws." His

---

[2] Riffle's appeal relates to opinions regarding his physical impairments. Because he did not challenge anything regarding his mental impairments, the Court's discussion will relate to his physical impairment records only.

2

> hands would be fine for several hours, but get worse over the course of the day. He feels his hands have gotten worse over time. To treat his hand condition, he gets injections in his hands and takes prescription medication. He also has neuropathy, including numbness and tingling, in his feet. He tends to stumble when on his feet. He estimates he can currently be on his feet about an hour at a time presently. He takes prescription medication for his diabetes and neuropathy as well. He has problems with depression and anxiety as well. He reports having trauma and nightmares related to that trauma. He takes prescription medication for this condition. As for activities of daily living, he lives in a house by himself (Ex. 3E and Hearing Testimony). He is able to hold a coffee mug or pick up a coin of the table. He has difficulty washing dishes because he tends to drop them. He is able to go out shopping and be around the general public. He can cook his own meals. He can drive his own car. He can manage his own money.

(ECF No. 6, PageID #: 42).

### B. Relevant Medical Evidence

The ALJ also summarized Riffle's health records and symptoms:

> To begin, he reported having some neuropathy related to his diabetes at the start of the period at issue (Ex. 1F/27). He was started on a new prescription medication at this time. He continued to have difficulty managing his glucose level in August 2016 and he was having a burning sensation in both feet through the end of 2016 (Ex. 1F/36, 42). In January 2017, the claimant had neuropathy in both feet (Ex. 1F/49). His peripheral pulses were weak on the right side. He continued to complain of burning pain in the plantar aspect of both feet and toes in May 2017 (Ex. 1F/63). He had received some benefit from drowsiness, but did not want to take it due to drowsiness. Notably, however, hid [sic] had not edema or tenderness on exam in 2017 (Ex. 1F/64). He was on a diabetic diet. He had burning pain in the feet again in August 2017 (Ex. 1F/74). A neurological and musculoskeletal exam was normal, however. His Neurontin dosage was increased. He reported some neuropathy and burning sensation in the feet again in March 2018 (Ex. 1F/95). An exam showed no edema or tenderness and normal peripheral pulses and skin. However, monofilament testing showed some decreased sensation in the bilateral toes. In June and September 2018, he had some burning sensation and pins and needles in both feet (Ex.

> 1F/101). His blood pressure had been under control. A musculoskeletal exam was again normal. His medication was continued. The record also supports a severe pharyngeal dysphagia impairment prior to the date last insured. The claimant complained of difficulty swallowing in January 2017 (Ex. 1F/49 and 3F/37). On exam, he had superficial multiple ulceration of different sizes on the right side of the buccal cavity. He was placed on prednisone and directed to start a swallow study. The swallow study showed some degree of obstruction (Ex. 1F/55). An EGD showed severe esophagitis and Barrett esophagus (Ex. 1F/58). He was continued on his prescription medication and placed on a low salt diet.

(ECF No. 6, PageID #: 43).

## IV.    The ALJ's Decision

The ALJ made the following findings relevant to this appeal:

> 3. Through the date last insured, the claimant had the following severe impairments: diabetes mellitus; osteoarthritis of the hands; and pharyngeal dysphagia (20 CFR 404.1520(c)).
>
> 4. Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).
>
> 5. After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) except he can do frequent handling and fingering with the bilateral upper extremities. He would be off task up to 5% of the workday.
>
> 6. Through the date last insured, the claimant was capable of performing past relevant work as a carpenter apprentice and a stock clerk. This work did not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).
>
> 7. The claimant was not under a disability, as defined in the Social Security Act, at any time from July 1, 2016, the alleged onset date,

through September 30, 2018, the date last insured (20 CFR 404.1520(f)).

(ECF No. 6, PageID #: 39, 41–42, 44, 46).

## V. Law & Analysis

### A. Standard of Review

The Court's review "is limited to determining whether the Commissioner's decision is supported by substantial evidence and was made pursuant to proper legal standards." *Winn v. Comm'r of Soc. Sec.*, 615 F. App'x 315, 320 (6th Cir. 2015); *see also* 42 U.S.C. § 405(g). "[S]ubstantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (quoting *Cutlip v. Sec'y of HHS*, 25 F.3d 284, 286 (6th Cir. 1994)).

"After the Appeals Council reviews the ALJ's decision, the determination of the council becomes the final decision of the Secretary and is subject to review by this Court." *Olive v. Comm'r of Soc. Sec.*, No. 3:06 CV 1597, 2007 WL 5403416, at *2 (N.D. Ohio Sept. 19, 2007) (citing *Abbott v. Sullivan*, 905 F.2d 918, 922 (6th Cir. 1990); *Mullen v. Bowen*, 800 F.2d 535, 538 (6th Cir. 1986) (*en banc*)). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, "even if a reviewing court would decide the matter differently." *Id.* (citing 42 U.S.C. § 405(g); *Kinsella v. Schweiker*, 708 F.2d 1058, 1059–60 (6th Cir. 1983)).

### B. Standard for Disability

The Social Security regulations outline a five-step process that the ALJ must use in determining whether a claimant is entitled to supplemental-security income or disability-insurance

benefits: (1) whether the claimant is engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment or combination of impairments; (3) if so, whether that impairment, or combination of impairments, meets or equals any of the listings in 20 C.F.R. § 404, Subpart P, Appendix 1; (4) if not, whether the claimant can perform her past relevant work in light of her residual functional capacity ("RFC"); and (5) if not, whether, based on the claimant's age, education, and work experience, she can perform other work found in the national economy. 20 C.F.R. § 404.1520(a)(4)(i)–(v); *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 642–43 (6th Cir. 2006). The claimant bears the ultimate burden of producing sufficient evidence to prove that she is disabled and, thus, entitled to benefits. 20 C.F.R. § 404.1512(a). Specifically, the claimant has the burden of proof in steps one through four. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997). The burden shifts to the Commissioner at step five to establish whether the claimant has the residual functional capacity to perform available work in the national economy. *Id.*

### C. Discussion

Riffle raises the following assignment of error on appeal:

> The ALJ's RFC is not supported by substantial evidence as she failed to take into account the total limiting effects of Plaintiff's severe impairment of diabetes, in particular his diabetic neuropathy and pustule-filled blisters on his feet, impacting his ability to stand and walk, and thus unreasonably concluding that he can perform the arduous physical requirements of medium work (i.e., standing and walking most of the day while lifting 50 pounds occasionally and 25 pounds frequently).

(ECF No. 9 at 1). To support this argument, Riffle asserts that the ALJ's analysis is "conclusory", and she erred after reviewing the medical evidence and finding that the effects of

Claimant's symptoms "are not entirely consistent" with the evidence. (ECF No. 9 at 10). Claimant also takes the position that the ALJ, fails to connect the medical evidence to her finding that the Claimant can perform medium work. *Id.*

However, the Commissioner argues that substantial evidence supports the ALJ's finding that Claimant's subjective complaints and symptoms "are not entirely consistent" with the record as the ALJ considered, the medical evidence of record, including reported symptoms and activities of daily living, examination findings, and treatment history/efficacy, including medications and diet. (ECF No. 11 at 6–9). The Commissioner further asserts,

> The ALJ sufficiently assessed the consistency of Plaintiff's allegations, applying several of the regulatory factors. Based on the evidence discussed, it cannot be said that no reasonable person could have found as the ALJ did: that while Plaintiff's impairments caused some limitations, his allegations of total disability were not entirely consistent with the record, and Plaintiff was capable of performing a range of medium exertional level work during the relevant period. Because the ALJ's conclusions were reasonable, they should be upheld.

(ECF No. 11 at 9). The Commissioner concludes that "substantial evidence supports the ALJ's evaluation of the consistency of Plaintiff's subjective complaints, which in turn supports the RFC finding." (ECF No. 11 at 11).

When evaluating subjective complaints, an ALJ must look to medical evidence, statements by the claimant, other information provided by medical sources, and any other relevant evidence in the record. 20 C.F.R. § 404.1529(c); Social Security Ruling ("SSR") 16-3p, 2017 WL 5180304. Beyond the medical evidence, an ALJ should consider daily activities; location, duration, frequency, and intensity of the pain or other symptoms; factors that precipitate and aggravate the symptoms; type, dosage, effectiveness, and side effects of medication to alleviate

7

pain or other symptoms; treatment other than medication; any measures other than treatment the individual uses to relieve symptoms; and any other factors concerning the individual's functional limitations and restrictions.  SSR 16-3p, 2017 WL 5180304 at *7-8.  The ALJ need not analyze all seven factors but should show that he considered the relevant evidence.  *See Cross v. Comm'r of Soc. Sec.*, 373 F. Supp. 2d 724, 733 (N.D. Ohio 2005).  An ALJ's "decision must contain specific reasons for the weight given to the individual's symptoms … and be clearly articulated so the individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms."  *Id.*: *see also Felisky v. Bowen*, 35 F. 3d 1027, 1036 (6th Cir. 1994) ("If an ALJ rejects a claimant's testimony as incredible, he must clearly state his reason for doing so.").

In evaluating Riffle's RFC, the ALJ compared Riffle's self-reported symptoms to the objective evidence[3] from the period at issue. Notably, the period at issue for Riffle's present DIB claim is July 1, 2016, through Riffle's date last insured of September 30, 2018. (ECF No.  6, PageID #: 39).

Turning to the medical evidence, the ALJ detailed Riffle's diabetes and neuropathy records,

> [H]e reported having some neuropathy related to his diabetes at the start of the period at issue (Ex. 1F/27). He was started on a new prescription medication at this time. He continued to have difficulty managing his glucose level in August 2016 and he was having a burning sensation in both feet through the end of 2016 (Ex. 1F/36, 42). In January 2017, the claimant had neuropathy in both feet (Ex. 1F/49). His peripheral pulses were weak on the right side. He continued to complain of burning pain in the plantar aspect of both feet and toes in May 2017 (Ex. 1F/63). He had received some benefit from drowsiness, but did not want to take it due to drowsiness. Notably, however, hid [sic] had not edema or tenderness on exam in 2017 (Ex. 1F/64). He was on a diabetic diet. He had burning pain

---

[3] This analysis solely concerns the Claimant's impairment of diabetes, diabetic neuropathy, pustules, and blisters
as Claimant only raises issues with this evidence in the instant appeal.

>  in the feet again in August 2017 (Ex. 1F/74). A neurological and musculoskeletal exam was normal, however. His Neurontin dosage was increased. He reported some neuropathy and burning sensation in the feet again in March 2018 (Ex. 1F/95). An exam showed no edema or tenderness and normal peripheral pulses and skin. However, monofilament testing showed some decreased sensation in the bilateral toes. In June and September 2018, he had some burning sensation and pins and needles in both feet (Ex. 1F/101). His blood pressure had been under control. A musculoskeletal exam was again normal. His medication was continued.

(ECF No. 6, PageID #: 43, 1063, 1072, 1078, 1085, 1099, 1100, 1110, 1131, 1137). The ALJ noted that Riffle self-reported symptoms of, "neuropathy... [leading to] numbness and tingling in his feet. He tends to stumble when on his feet. He estimates he can currently be on his feet about an hour at a time presently. He takes prescription medication for his diabetes and neuropathy." (ECF No. 6, PageID #: 42). Additionally, the ALJ explained that Riffle's activities of daily living include, the ability to live in a house by himself, hold a coffee mug and pick up a coin off the table, difficulty washing dishes because he tends to drop them, independent shopping and time spent around the general public, cooking his own meals, driving his own car, and managing his own money. (ECF No. 6, PageID #: 42). The ALJ then concluded, "claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms [,] however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." (ECF No. 6, PageID #: 43).

The ALJ's explanation makes clear that the ALJ found Claimant's testimony regarding his self-reported neuropathy and diabetes symptoms, not credible based on the proper factors, including the objective medical evidence, Claimant's daily activities, Claimant's statements to

9

providers that his symptoms were improving. *See* SSR 16-3p, 2017 WL 5180304, at *7-8. Substantial evidence supports the ALJ's conclusion. Thus, the Court must defer to the ALJ's decision, "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Wright v. Massanari*, 321 F.3d 611, 614 (6th Cir. 2003) (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)); *see Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) ("The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion.") (citation omitted).

However, Claimant contends that "the evidence conceded by the ALJ, evidence of numbness, tingling, and burning of the feet associated with weak pulses and decreased sensation does nothing but *support* Plaintiff's description of significant standing/walking limitations and difficulty using his hands …" (ECF No. 9 at 11) (emphasis in original). Claimant further argues that the ALJ acknowledges relevant records "show[ing] treatment for pustules and blisters … ongoing treatment for neuropathy, numbness, tingling and burning in his feet … symptoms of numbness, tingling and burning did not get any better [after increased Neurontin dosage] as [Riffle] continued to report 'burning and pins and needles' sensation in both feet" in her recitation of the medical records. (ECF No. 9 at 13). The Claimant goes on to note that the ALJ found his "medically determinable impairment of neuropathy could reasonably be expected to cause the alleged symptoms." (ECF No. 9 at 13). Thus, the Claimant asserts that these medical records *are consistent* with and corroborate Plaintiff's self-described limitations. *Id.* (emphasis in original).

Yet, Claimant misunderstands the substantial evidence standard. "[T]he substantial evidence standard is met if a 'reasonable mind might accept the relevant evidence as adequate to support a conclusion.'" *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir.

10

2005) (citations omitted). Claimant concedes that the ALJ considered the relevant medical evidence in her conclusion that Claimant's self-described limitations and symptoms are not consistent with the record. (ECF No. 9 at 13). As described above, the ALJ's determination is supported by substantial evidence as the ALJ considered several factors in analyzing Claimant's subjective symptoms. SSR 16-3p, 2017 WL 5180304 at *7-8. It is not the role of this Court "to reconsider the facts, re-weigh the evidence, resolve conflicts in evidence, decide questions of credibility, or substitute its judgment for that of the ALJ." *Reynolds v. Comm'r of Soc. Sec.*, 424 F. App'x 411, 414 (6th Cir. 2011) (citing *Youghiogheny & Ohio Coal Co. v. Webb*, 49 F.3d 244, 246 (6th Cir. 1995)). Rather, because substantial evidence supports the Commissioner's decision, the Court must defer to it, "even if there is substantial evidence that would have supported an opposite conclusion." *Wright v. Massanari*, 321 F.3d 611, 614 (6th Cir. 2003) (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)); *see Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) ("The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion.") (citations omitted).

Turning to the RFC, in determining the adequacy of the ALJ's RFC determination, a reviewing court must focus on the explanation given by the ALJ's decision without finding further support in the records not specifically included in the decision. *See Ripley v. Comm'r of Soc. Sec.,* 415 F. Supp. 3d 752, 764 (N.D. Ohio 2019) ("In determining whether an ALJ's findings are supported by substantial evidence, the Court does not review the evidence de novo, make credibility determinations, or weigh the evidence"). To find substantial evidence here the Court need look no further than the ALJ's decision. Prior to determining that Riffle could perform medium work at Step Four, the ALJ determined Riffle's RFC. (ECF No. 6, PageID #: 42). The RFC determination

11

sets out an individual's work-related abilities despite his or her limitations. *See* 20 C.F.R. § 416.945(a). The ALJ formulated an RFC determining that Riffle had the ability to, "… perform medium work as defined in 20 CFR 404.1567(c) except he can do frequent handling and fingering with the bilateral upper extremities. He would be off task up to 5% of the workday." (ECF No. 6, PageID #: 42). In formulating the RFC, the ALJ considered medical and non-medical evidence, including Claimant's self-described limitations, from the period under consideration, July 1, 2016, to September 30, 2018, as required by 20 C.F.R. § 404.1545(a)(3). (ECF No. 6, PageID #: 42–46); *see* 20 C.F.R. § 404.1545(a)(3).

Moreover, in formulating the RFC, the ALJ considered State agency physical consultants' opinions and the testimony of an impartial vocational expert (VE). (ECF No. 6, PageID #: 43–44). Courts in this Circuit find that State agency physical consultants' opinions may constitute substantial evidence supporting an ALJ's decision. *See Cantrell v. Astrue*, 2012 WL 6725877, at *7 (E.D. Tenn. Nov. 5, 2012) (finding that the state agency physicians' reports provided substantial evidence to support the ALJ's RFC finding); *Brock v. Astrue,* 2009 WL 1067313, at *6 (E.D. Ky. Apr. 17, 2009) ("[T]he argument that the findings of the two non-examining state agency physicians cannot constitute substantial evidence is inconsistent with the regulatory framework."*); see also Clark v. Astrue*, 2011 WL 4000872 (N.D. Tex. Sept. 8, 2011) (state agency expert medical opinions "constitute substantial evidence to support the finding that plaintiff can perform a limited range of light work."). In the instant case, the consultants concluded that Claimant could perform medium exertional level work and the ALJ found their opinions persuasive *Id.*

The Sixth Circuit has found that a VE's testimony may constitute substantial evidence to support a Commissioner's finding that claimant is capable of performing a significant number of

jobs in the national economy. *See Eades v. SSA*, No. 99-6190, 2000 U.S. App. LEXIS 21258, at *3-4 (6th Cir. Aug. 15, 2000); *Bradford v. Secretary of Dep't of Health and Human Servs.*, 803 F.2d 871, 874 (6th Cir. 1986). Here, the VE found that Riffle could perform his past work as a carpenter apprentice, stock clerk, occupational laborer, and hand packager at the medium exertional level. (ECF No. 6, PageID #: 831). These jobs exist in significant numbers in the national economy and the ALJ adopted the VE's testimony. (ECF No. 6, PageID #: 43). Thus, the ALJ's RFC is supported by substantial evidence.

In sum, the ALJ considered Claimant's medical evidence, subjective symptoms, inconsistencies in the record, VE testimony, State agency physical consultants, and formulated these findings into the RFC. Accordingly, this demonstrates that the ALJ reasonably explained how she considered Riffle's impairments and how she accommodated these symptoms when she formulated Riffle's RFC. Thus, the RFC is supported by substantial evidence.

## VI. Conclusion

Based on the foregoing, the Court AFFIRMS the Commissioner of the Social Security Administration's final decision denying Riffle benefits.

**IT IS SO ORDERED**

Dated: November 25, 2025

s/ *Carmen E. Henderson*
CARMEN E. HENDERSON
U.S. MAGISTRATE JUDGE
